IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Hicks (Rasul) v. Bush | ) | Case No.  02-CV-0299 (CKK) |
| Al Odah v. United States | ) | Case No.  02-CV-0828 (CKK) |
| Habib v. Bush | ) | Case No.  02-CV-1130 (CKK) |
| Kurnaz v. Bush | ) | Case No.  04-CV-1135 (ESH) |
| Khadr v. Bush | ) | Case No.  04-CV-1136 (JDB) |
| Begg v. Bush | ) | Case No.  04-CV-1137 (RMC) |
| Khalid (Benchellali) v. Bush | ) | Case No. 04-CV-1142 (RJL) |
| El-Banna v. Bush | ) | Case No.  04-CV-1144 (RWR) |
| Gherebi v. Bush | ) | Case No.  04-CV-1164 (RBW) |
| Boumediene v. Bush | ) | Case No.  04-CV-1166 (RJL) |
| Anam v. Bush | ) | Case No.  04-CV-1194 (HHK) |
| Almurbati v. Bush | ) | Case No.  04-CV-1227 (RBW) |
| Abdah v. Bush | ) | Case No.  04-CV-1254 (HHK) |
| Hamdan v. Bush | ) | Case No. 04-CV-1519 (JR) |
| Belmar v. Bush | ) | Case No.  04-CV-1897 (RMC) |
| Al Qosi v. Bush | ) | Case No. 04-CV-1937 (PLF) |
| Paracha v. Bush | ) | Case No.  04-CV-2022 (PLF) |
| Al-Marri v. Bush | ) | Case No.  04-CV-2035 (GK) |
| Zemiri v. Bush | ) | Case No.  04-CV-2046 (CKK) |
| Deghayes v. Bush | ) | Case No.  04-CV-2215 (RMC) |
| Mustapha v. Bush | ) | Case No. 05-CV-0022 (JR) |

| | | |
|---|---|---|
| Al-Mohammed v. Bush | ) | Case No. 05-CV-0247 (HHK) |
| El-Mashad v. Bush | ) | Case No. 05-CV-0270 (JR) |
| Al-Adahi v. Bush | ) | Case No. 05-CV-0280 (GK) |
| Al-Joudi v. Bush | ) | Case No. 05-CV-0301 (GK) |
| Al-Wazan v. Bush | ) | Case No.  05-CV-0329 (PLF) |
| Al-Anazi v. Bush | ) | Case No. 05-CV-0345 (JDB) |
| Alhami v. Bush | ) | Case No. 05-CV-0359 (GK) |
| Ameziane v. Bush | ) | Case No. 05-CV-0392 (ESH) |
| Batarfi v. Bush | ) | Case No.  05-CV-0409 (EGS) |
| Sliti v. Bush | ) | Case No. 05-CV-0429 (RJL) |
| Kabir v. Bush | ) | Case No. 05-CV-0431 (RJL) |
| Qayed v. Bush | ) | Case No. 05-CV-0454 (RMU) |
| Al-Shihry v. Bush | ) | Case No. 05-CV-0490 (PLF) |
| Aziz v. Bush | ) | Case No. 05-CV-0492 (JR) |
| Qassim v. Bush | ) | Case No. 05-CV-0497 (JR) |
| Al-Oshan v. Bush | ) | Case No.  05-CV-0520 (RMU) |
| Tumani v. Bush | ) | Case No.  05-CV-0526 (RMU) |
| Al-Oshan v. Bush | ) | Case No.  05-CV-0533 (RJL) |
| Al Shamri v. Bush | ) | Case No. 05-CV-0551 (RWR) |
| Salahi v. Bush | ) | Case No.  05-CV-0569 (JR) |
| Mammar v. Bush | ) | Case No.  05-CV-0573 (RJL) |
| Al-Sharekh v. Bush | ) | Case No.  05-CV-0583 (RJL) |
| Magram v. Bush | ) | Case No.  05-CV-0584 (CKK) |

| | | |
|---|---|---|
| Al Rashaidan v. Bush | ) | Case No.  05-CV-0586 (RWR) |
| Mokit v. Bush | ) | Case No.  05-CV-0621 (PLF) |
| Al Daini v. Bush | ) | Case No.  05-CV-0634 (RWR) |
| Errachidi v. Bush | ) | Case No.  05-CV-0640 (EGS) |
| Zaeef v. Bush | ) | Case No. 05-CV-0660 (RMC) |
| Ahmed v. Bush | ) | Case No.  05-CV-0665 (RWR) |
| Battayav v. Bush | ) | Case No.  05-CV-0714 (RBW) |
| Adem v. Bush | ) | Case No.  05-CV-0723 (RWR) |
| Aboassy v. Bush | ) | Case No.  05-CV-0748 (RMC) |
| Hamlily v. Bush | ) | Case No.  05-CV-0763 (JDB) |
| Imran v. Bush | ) | Case No.  05-CV-0764 (CKK) |
| Al Habashi v. Bush | ) | Case No.  05-CV-0765 (EGS) |
| Al Hamamy v. Bush | ) | Case No.  05-CV-0766 (RJL) |
| Hamoodah v. Bush | ) | Case No.  05-CV-0795 (RJL) |
| Khiali-Gul v. Bush | ) | Case No. 05-CV-0877 (JR) |
| Rahmattullah v. Bush | ) | Case No. 05-CV-0878 (CKK) |
| Mohammad v. Bush | ) | Case No. 05-CV–879 (RBW) |
| Rahman v. Bush | ) | Case No. 05-CV-0882 (GK) |
| Bostan v. Bush | ) | Case No. 05-CV-0883 (RBW) |
| Muhibullah v. Bush | ) | Case No. 05-CV-884 (RMC) |
| Mohammad v. Bush | ) | Case No. 05-CV-0885 (GK) |
| Wahab v. Bush | ) | Case No. 05-CV-0886 (EGS) |
| Chaman v. Bush | ) | Case No. 05-CV-0887 (RWR) |

Gul v. Bush                              )        Case No.  05-CV-0888 (CKK)

Basardh v. Bush                          )        Case No.  05-CV-0889 (ESH)

Khan v. Bush                             )        Case No. 05-CV-0890 (RMC)

Nasrullah v. Bush                        )        Case No. 05-CV-0891 (RBW)

Shaaban v. Bush                          )        Case No. 05-CV-0892 (CKK)

Sohail v. Bush                           )        Case No. 05-CV-0993 (RMU)

Tohirjanovich v. Bush                    )        Case No.  05-CV-0994 (JDB)

Khudaidad v. Bush                        )        Case No. 05-CV-0997 (PLF)

Al Karim v. Bush                         )        Case No. 05-CV-0998 (RMU)

Al-Khalaqi v. Bush                       )        Case No. 05-CV-0999 (RBW)

Sarajuddin v. Bush                       )        Case No. 05-CV-1000 (PLF)

Kahn v. Bush                             )        Case No. 05-CV-1001 (ESH)

Mohammed v. Bush                         )        Case No. 05-CV-1002 (EGS)

Mangut v. Bush                           )        Case No. 05-CV-1008 (JDB)

Hamad v. Bush                            )        Case No.  05-CV-1009 (JDB)

Khan v. Bush                             )        Case No.  05-CV-1010 (RJL)

Zuhoor v. Bush                           )        Case No. 05-CV-1011 (JR)

Salaam v. Bush                           )        Case No. 05-CV-1013 (JDB)

Al-Hela v. Bush                          )        Case No.  05-CV-1048 (RMU)

Mousovi v. Bush                          )        Case No.  05-CV-1124 (RMC)

Khalifh v. Bush                          )        Case No.  05-CV-1189 (JR)

Zalita v. Bush                           )        Case No.  05-CV-1220 (RMU)

Ahmed v. Bush                            )        Case No.  05-CV-1234 (EGS)

Baqi v. Bush                          )          Case No. 05-CV-1235 (PLF)

Aminullah v. Bush                     )          Case No.  05-CV-1237 (ESH)

Ghalib v. Bush                        )          Case No.  05-CV-1238 (CKK)

Al Khaiy v. Bush                      )          Case No.  05-CV-1239 (RJL)

Bukhari v. Bush                       )          Case No.  05-CV-1241 (RMC)

Pirzai v. Bush                        )          Case No.  05-CV-1242 (RCL)

Peerzai v. Bush                       )          Case No.  05-CV-1243 (RCL)

Alsawam v. Bush                       )          Case No.  05-CV-1244 (CKK)

Mohammadi v. Bush                     )          Case No.  05-CV-1246 (RWR)

Al Ginco v. Bush                      )          Case No.  05-CV-1310 (RJL)

Ullah v. Bush                         )          Case No.  05-CV-1311 (RCL)

Al Bihani v. Bush                     )          Case No.  05-CV-1312 (RJL)

Mohammed v. Bush                      )          Case No.  05-CV-1347 (GK)

Saib v. Bush                          )          Case No.  05-CV-1353 (RMC)

Hatim v. Bush                         )          Case No.  05-CV-1429 (RMU)

Al-Subaiy v. Bush                     )          Case No.  05-CV-1453 (RMU)

Dhiab v. Bush                         )          Case No.  05-CV-1457 (GK)

Ahmed Doe v. Bush                     )          Case No.  05-CV-1458 (ESH)

Sadkhan v. Bush                       )          Case No.  05-CV-1487 (RMC)

Faizullah v. Bush                     )          Case No.  05-CV-1489 (RMU)

Faraj v. Bush                         )          Case No.  05-CV-1490 (PLF)

Khan v. Bush                          )          Case No.  05-CV-1491 (JR)

Ahmad v. Bush                         )          Case No.  05-CV-1492 (RCL)

| | | |
|---|---|---|
| Amon v. Bush | ) | Case No. 05-CV-1493 (RBW) |
| Al Wirghi v. Bush | ) | Case No. 05-CV-1497 (RCL) |
| Nabil v. Bush | ) | Case No. 05-CV-1504 (RMC) |
| Al Hawary v. Bush | ) | Case No. 05-CV-1505 (RMC) |
| Shafiiq v. Bush | ) | Case No. 05-CV-1506 (RMC) |
| Kiyemba v. Bush | ) | Case No. 05-CV-1509 (RMU) |
| Idris v. Bush | ) | Case No. 05-CV-1555 (JR) |
| Attash v. Bush | ) | Case No. 05-CV-1592 (RCL) |
| Al Razak v. Bush | ) | Case No. 05-CV-1601 (GK) |
| Mamet v. Bush | ) | Case No. 05-CV-1602 (ESH) |
| Rabbani v. Bush | ) | Case No. 05-CV-1607 (RMU) |
| Zahir v. Bush | ) | Case No. 05-CV-1623 (RWR) |
| Akhtiar v. Bush | ) | Case No. 05-CV-1635 (PLF) |
| Ghanem v. Bush | ) | Case No. 05-CV-1638 (CKK) |
| Albkri v. Bush | ) | Case No. 05-CV-1639 (RBW) |
| Al Badah v. Bush | ) | Case No. 05-CV-1641 (CKK) |
| Almerfedi v. Bush | ) | Case No. 05-CV-1645 (PLF) |
| Zaid v. Bush | ) | Case No. 05-CV-1646 (JDB) |
| Al-Bahooth v. Bush | ) | Case No. 05-CV-1666 (ESH) |
| Al-Siba'i v. Bush | ) | Case No. 05-CV-1667 (RBW) |
| Al-Uwaidah v. Bush | ) | Case No. 05-CV-1668 (GK) |
| Al-Jutaili v. Bush | ) | Case No. 05-CV-1669 (TFH) |
| Ali Ahmed v. Bush | ) | Case No. 05-CV-1678 (GK) |

| | | |
|---|---|---|
| Khandan v. Bush | ) | Case No.  05-CV-1697 (RBW) |
| Kabir (Sadar Doe) v. Bush | ) | Case No.  05-CV-1704 (JR) |
| Al-Rubaish v. Bush | ) | Case No.  05-CV-1714 (RWR) |
| Qasim v. Bush | ) | Case No.  05-CV-1779 (JDB) |
| Sameur v. Bush | ) | Case No. 05-CV-1806 (CKK) |
| Al-Harbi v. Bush | ) | Case No. 05-CV-1857 (CKK) |
| Aziz v. Bush | ) | Case No.  05-CV-1864 (HHK) |
| Mamet v. Bush | ) | Case No. 05-CV-1886 (EGS) |
| Hamoud v. Bush | ) | Case No.  05-CV-1894 (RWR) |
| Al-Qahtani v. Bush | ) | Case No.  05-CV-1971 (RMC) |
| Alkhemisi v. Bush | ) | Case No.  05-CV-1983 (RMU) |
| Al-Shabany v. Bush | ) | Case No.  05-CV-2029 (JDB) |
| Zakirjan v. Bush | ) | Case No. 05-CV-2053 (HHK) |
| Muhammed v. Bush | ) | Case No.  05-CV-2087 (RMC) |
| Othman v. Bush | ) | Case No. 05-CV-2088 (RWR) |
| Ali Al Jayfi v. Bush | ) | Case No.  05-CV-2104 (RBW) |
| Jamolivich v. Bush | ) | Case No.  05-CV-2112 (RBW) |
| Al-Mudafari v. Bush | ) | Case No.  05-CV-2185 (JR) |
| Al-Mithali v. Bush | ) | Case No.  05-CV-2186 (ESH) |
| Al-Asadi v. Bush | ) | Case No.  05-CV-2197 (HHK) |
| Alhag v. Bush | ) | Case No. 05-CV-2199 (HHK) |
| Nakheelan v. Bush | ) | Case No. 05-CV-2201 (ESH) |
| Al Subaie v. Bush | ) | Case No.  05-CV-2216 (RCL) |

| | | |
|---|---|---|
| Ghazy v. Bush | ) | Case No.  05-CV-2223 (RJL) |
| Al Khatemi v. Bush | ) | Case No. 05-CV-2248 (ESH) |
| Al-Shimrani v. Bush | ) | Case No.  05-CV-2249 (RMC) |
| Amin v. Bush | ) | Case No. 05-CV-2336 (PLF) |
| Al Sharbi v. Bush | ) | Case No. 05-CV-2348 (EGS) |
| Ben Bacha v. Bush | ) | Case No.  05-CV-2349 (RMC) |
| Zadran v. Bush | ) | Case No.  05-CV-2367 (RWR) |
| Alsaaei v. Bush | ) | Case No.  05-CV-2369 (RWR) |
| Razakah v. Bush | ) | Case No.  05-CV-2370 (EGS) |
| Al Darbi v. Bush | ) | Case No. 05-CV-2371 (RCL) |
| Haleem v. Bush | ) | Case No. 05-CV-2376 (RBW) |
| Al-Ghizzawi v. Bush | ) | Case No. 05-CV-2378 (JDB) |
| Awad v. Bush | ) | Case No.  05-CV-2379 (JR) |
| Al-Baidany v. Bush | ) | Case No. 05-CV-2380 (CKK) |
| Al Rammi v. Bush | ) | Case No.  05-CV-2381 (JDB) |
| Said v. Bush | ) | Case No.  05-CV-2384 (RWR) |
| Al Halmandy v. Bush | ) | Case No. 05-CV-2385 (RMU) |
| Mohammon v. Bush | ) | Case No.  05-CV-2386 (RBW) |
| Al-Quhtani v. Bush | ) | Case No.  05-CV-2387 (RMC) |
| Thabid v. Bush | ) | Case No.  05-CV-2398 (ESH) |
| Rimi v. Bush | ) | Case No. 05-CV-2427 (RJL) |
| Al Salami v. Bush | ) | Case No. 05-CV-2452 (PLF) |
| Al Shareef v. Bush | ) | Case No. 05-CV-2458 (RWR) |

| | | |
|---|---|---|
| Khan v. Bush | ) | Case No. 05-CV-2466 (RCL) |
| Hussein v. Bush | ) | Case No. 05-CV-2467 (PLF) |
| Al-Delebany v. Bush | ) | Case No. 05-CV-2477 (RMU) |
| Al-Harbi v. Bush | ) | Case No. 05-CV-2479 (HHK) |
| Feghoul v. Bush | ) | Case No. 06-CV-0618 (RWR) |
| Rumi v. Bush | ) | Case No. 06-CV-0619 (RJL) |
| Ba Odah v. Bush | ) | Case No. 06-CV-1668 (HHK) |
| Wasim v. Bush | ) | Case No. 06-CV-1675 (RBW) |
| Nasser v. Bush | ) | Case No. 06-CV-1676 (RJL) |
| Naseem v. Bush | ) | Case No. 06-CV-1677 (RCL) |
| Khan v. Bush | ) | Case No. 06-CV-1678 (RCL) |
| Matin v. Bush | ) | Case No. 06-CV-1679 (RMU) |
| Rahmattullah v. Bush | ) | Case No. 06-CV-1681 (JDB) |
| Ismatullah v. Bush | ) | Case No. 06-CV-1682 (RJL) |
| Yaakoobi v. Bush | ) | Case No. 06-CV-1683 (JR) |
| Taher v. Bush | ) | Case No. 06-CV-1684 (GK) |
| Akhouzada v. Bush | ) | Case No. 06-CV-1685 (JDB) |
| Azeemullah v. Bush | ) | Case No. 06-CV-1686 (CKK) |
| Toukh v. Bush | ) | Case No. 06-CV-1687 (ESH) |
| Naseer v. Bush | ) | Case No. 06-CV-1689 (RMU) |
| Khan v. Bush | ) | Case No. 06-CV-1690 (RBW) |
| Al-Shibh v. Bush | ) | Case No. 06-CV-1725 (EGS) |
| Ezatullah v. Bush | ) | Case No. 06-CV-1752 (RMC) |

| | | |
|---|---|---|
| Hakmat v. Bush | ) | Case No. 06-CV-1753 (EGS) |
| Legseirein v. Bush | ) | Case No. 06-CV-1754 (GK) |
| Al Ghith v. Bush | ) | Case No. 06-CV-1757 (RJL) |
| Suliman v. Bush | ) | Case No. 06-CV-1758 (RMC) |
| Elisher v. Bush | ) | Case No. 06-CV-1759 (JDB) |
| Gul v. Bush | ) | Case No. 06-CV-1760 (RMU) |
| Abdessalam v. Bush | ) | Case No. 06-CV-1761 (ESH) |
| Lal v. Bush | ) | Case No. 06-CV-1763 (CKK) |
| Saleh v. Bush | ) | Case No. 06-CV-1765 (HHK) |
| Hentif v. Bush | ) | Case No. 06-CV-1766 (HHK) |
| Al-Zarnouqi v. Bush | ) | Case No. 06-CV-1767 (RMU) |
| Al-Maliki v. Bush | ) | Case No. 06-CV-1768 (RWR) |
| Algahtani v. Bush | ) | Case No. 06-CV-1769 (RCL) |
| Nasser v. Bush | ) | Case No. 07-CV-1710 (RBW) |
| Al Shubati v. Bush | ) | Case No. 07-CV-2337 (HHK) |
| Yazidi v. Bush | ) | Case No. 07-CV-2338 (HHK) |

_____

**RESPONDENTS' NOTICE OF REPORT REGARDING PRESERVATION**

On January 24, 2008, the Court in *Abdullah v. Bush*, C.A. No. 05cv23 (D.D.C.) (RWR), a habeas corpus proceeding such as this one, brought on behalf of a Guantanamo Bay detainee, entered an order requiring the filing of a report with regard to preservation issues.  On February 8, 2008, respondents filed a Report providing certain information, and a motion for

reconsideration or, in the alternative, for a stay of part of the order.[1]  For the Court's information,

respondents are hereby providing a copy of that Report.[2]

---

[1]  The motion for reconsideration or, in the alternative, for a stay was predicated on the concern of specially-appointed Acting United States Attorney John Durham that a criminal investigation that he is heading with regard to the destruction of certain tapes by the Central Intelligence Agency would be jeopardized by a further report.  As Mr. Durham explained, his concerns would not be implicated by a report on the matters set forth in the Report filed by respondents and in the annexed declarations.

[2]  By filing this notice, respondents do not mean to suggest that the Court has jurisdiction over all, or any, of these petitions, or that the matters discussed in the annexed declaration are necessarily material to all of these petitions.  Indeed, although some of these petitions have been dismissed, respondents identified those cases in which to file this notice on an over-inclusive, rather than under-inclusive, basis.

Certain material in one of the declarations filed along with the attached Report, specifically paragraph 9 of the declaration of Rear Admiral Mark Buzby, has been and is hereby designated as protected information and redacted from the attached declaration for public filing in accordance with the Protective Orders and supplemental orders permitting such designation that have been entered in various of the above-captioned cases.  An unredacted version of the declaration will be provided to the Court and to counsel where appropriate in accordance with any Protective Orders and supplemental orders entered in the cases.

Dated: February 12, 2008    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   */s/ Judry L. Subar*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW WARDEN
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HANI SALEH RASHID ABDULLAH, *et al.*, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) )    Civil Action No. 05-00023 (RWR) |
| GEORGE W. BUSH, *et al.*, | ) ) |
| Respondents. | ) ) |

**RESPONDENTS' REPORT FILED IN CONNECTION
WITH ORDER OF JANUARY 24, 2008**

Respondents respectfully submit this Report focusing on the recent steps they have taken
to ensure the preservation of material relating to all detainees detained by the Joint Task Force –
Guantanamo("JTF– GTMO") at Guantanamo Bay, Cuba.

In the wake of the recent revelation of the destruction of certain tapes by the Central
Intelligence Agency ("CIA"), both the Department of Defense ("DOD") and the CIA have taken
new and additional steps to ensure that material relating to all Guantanamo Bay detainees is
being preserved.  The Court is respectfully directed to the attached declarations of General
Michael Hayden, Director of the Central Intelligence Agency ("CIA"), Rear Admiral Mark
Buzby, Commander of JTF– GTMO, and Karen Hecker, a DOD attorney responsible for
overseeing litigation in which DOD is involved.  Those declarations describe such steps, as well
as additional information regarding a preservation issue.

In particular, General Hayden's declaration describes the directive he issued on
December 20, 2007, to all CIA personnel, which requires them to preserve and maintain all
documents, information, and evidence relating to any detainee ever held at Guantanamo Bay and

any detainee held by the CIA, including any detainees who may be held in the future.  As the directive makes clear, it "is a continuing obligation that applies to future as well as past and present detainees."  Hayden Declaration, ¶ 4.[1]

Ms. Hecker's declaration describes a directive that the DOD Office of General Counsel disseminated within the Department of Defense on December 19, 2007, and that obligates "all relevant DoD components reasonably likely to have information regarding current or former Guantanamo Bay detainees"  "to preserve and maintain all documents and recorded information of any kind (for example, electronic records, written records, telephone records, correspondence, computer records, e-mail, storage devices, handwritten or typed notes) that is or comes within their possession or control."  *Id.*, ¶¶ 2, 3.  Under standard DOD practice, each component receiving the directive was to ensure that all relevant personnel were made aware of it.  *Id.*, ¶ 3. In addition to the formal communication of the directive of December 19, 2007, Ms. Hecker personally communicated to a large number of DOD contacts with whom she regularly works on Guantanamo Bay matters that the formal directive would be arriving through regular channels and that they should disseminate it as appropriate.  *Id.*, ¶ 4.

Real Admiral Buzby's declaration, in addition to describing his efforts to assure continued preservation of material in accordance with DOD's December 19, 2007, directive, describes aspects of security monitoring systems that were used at several of the detention camps

---

[1]  Even though the CIA is not a named respondent in this matter, and would not be a proper respondent in any event, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 n.9, 447 n.16 (2004) (discussing identity of proper respondent in habeas cases under rule limiting proper respondent to custodian and citing cases involving extraterritorial detention, where although rule is somewhat more relaxed proper respondent is head of military department holding detainee), the CIA's efforts to preserve material are described here because it was the CIA's actions on which the Court focused in issuing its January 24, 2008, order.

operated by JTF – GTMO.  As described in Real Admiral Buzby's declaration, those systems recorded information on a routine basis of largely mundane day-to-day activities.  Some of that information was overwritten automatically by virtue of the routine operation of the equipment. In light of the possibility that some of that information might have related to petitioners in this and other cases, respondents are providing the description in Real Admiral Buzby's declaration of those systems and the recent steps taken concerning them.  In particular, Real Admiral Buzby describes the steps taken to preserve all available information on the recording systems he discusses.

Certain material in the Buzby declaration, specifically paragraph 9, has been and is hereby designated as protected information and redacted from the attached declaration for public filing in accordance with the Protective Order permitting such designation that has been entered in this case.  An unredacted version of the declaration will be provided to the Court and to counsel in accordance with the Protective Order.

Contemporaneously with this Report, respondents are filing a motion for reconsideration or, in the alternative, for a stay of this Court's order of January 24, 2007, insofar as it requires a report on any other matters not set forth in this Report and its accompanying declarations.  That motion explains why any further report threatens to undermine and compromise the criminal investigation being conducted by specially-appointed Acting United States Attorney John Durham of the Department of Justice.[2]

---

[2]  Respondents intend to provide the information contained in this Report in the various other habeas cases brought in this Court on behalf of Guantanamo Bay detainees as soon as a filing in that large number of cases can reasonably be effected.  (The protected information in the Buzby declaration will not, of course, be provided in those cases in which orders governing the filing of protected information are not in effect.)

Dated: February 8, 2008                 Respectfully submitted,

                                        JEFFREY S. BUCHOLTZ
                                        Acting Assistant Attorney General

                                        CARL J. NICHOLS
                                        Deputy Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                         /s/  Andrew I. Warden
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR (D.C. Bar No. 347518)
                                        TERRY M. HENRY
                                        ANDREW WARDEN
                                        JAMES C. LUH
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107

                                        Attorneys for Respondents

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MAJID KHAN and RUBIA KHAN,      )
    as next friend,             )
                                )
        Petitioners,            )
                                )
    v.                          )    No. 07-1324
                                )
ROBERT M. GATES,                )
    Secretary of Defense,       )
                                )
        Respondent.             )
_____ )

## DECLARATION OF GENERAL MICHAEL V. HAYDEN, USAF, DIRECTOR, CENTRAL INTELLIGENCE AGENCY

I, MICHAEL V. HAYDEN, hereby declare and state:

1.  I am the Director of the Central Intelligence Agency

(CIA) and have served in this capacity since 30 May 2006. In my

capacity as Director, I lead the CIA and manage the Intelligence

Community's human intelligence and open source collection

programs on behalf of the Director of National Intelligence

(DNI). I have held a number of positions in the Intelligence

Community, including Principal Deputy Director of National

Intelligence, from April 2005 to May 2006; Director, National

Security Agency/Chief, Central Security Service (NSA/CSS), Fort

George G. Meade, Maryland, from March 1999 to April 2005;

Commander of the Air Intelligence Agency and Director of the

Joint Command and Control Warfare Center, both headquartered at

Kelly Air Force Base, Texas, from January 1996 to September
1997; and Director, Intelligence Directorate, U.S. European
Command, Stuttgart, Germany, from May 1993 to October 1995.

2.   I am a four-star general in the United States Air Force
and have held senior staff positions at the Pentagon, the
National Security Council, and the U.S. Embassy in Sofia,
Bulgaria, as well as serving as Deputy Chief of Staff for United
Nations Command and U.S. Forces Korea.  I entered active duty in
1969 as a distinguished graduate of the Reserve Officer Training
Corps program.

3.   I make the following statements based upon my personal
knowledge and information provided to me in my official
capacity.

4.   In light of recent events surrounding the destruction
of recordings of the interrogations of detainees formerly in the
custody of the CIA, I have issued an order to all CIA personnel
to preserve and maintain all documents, information, and
evidence relating to:

   A.   any detainee held at the United States Naval Base
   Guantanamo Bay, Cuba; and

   B.   any detainee held by the CIA.
This order is a continuing obligation that applies to future as
well as past and present detainees.

*   *   *   *

2

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December, 2007.

General Michael V. Hayden, USAF
Director
Central Intelligence Agency

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAN SALEH RASHID ABDULLAH, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-00023 (RWR) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Pursuant to 28 U.S.C. §1746, I, Karen L. Hecker, declare as follows:

1. I am an Associate Deputy General Counsel in the Office of General Counsel of the United States Department of Defense (DoD). In that capacity, I am responsible for, among other things, overseeing litigation involving the DoD. The statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties. This declaration is provided in order to describe DoD's current efforts to preserve information about Guantanamo Bay detainees.

2. In light of the recently publicized destruction of certain video tapes once held by the Central Intelligence Agency, the DoD Office of General Counsel issued a formal directive on December 19, 2007, to various DoD components regarding their preservation obligations. The memorandum directed that these components preserve and maintain all information related to all detainees ever held by DoD at Guantanamo Bay. Specifically, the components were directed to preserve and maintain all documents and recorded information of any kind (for example, electronic records, written records, telephone records, correspondence, computer records, e-mail, storage devices, handwritten or typed notes) that is or comes within their possession or control. This memorandum remains in effect and must continue to be followed.

3. The December 19, 2007 directive was sent to all relevant DoD components reasonably likely to have information regarding current or former Guantanamo Bay detainees. The list of components consisted of the offices of the Secretary of Defense, Deputy Secretary of Defense, Secretaries of the Military Departments, the Chairman of the Joint Chiefs of Staff, Undersecretaries of the Military Departments, Director – Operational Test and Evaluation, DoD Inspector General, Assistants to the Secretary of Defense, Director – Administration and Management, Director – Program Analysis and Evaluation, Director – Net Assessment, Director – Force Transformation, Directors of the Defense Agencies, and Directors of the DoD Field Activities. The directive was communicated through formal DoD communications channels and, pursuant to standard DoD practice, these components would be expected to distribute the directive to all relevant personnel within that component and any sub-components therein.

4. In addition to formal distribution of the December 19, 2007 directive, I personally communicated the directive to a large number of contacts that I work with on Guantanamo Bay detainee issues. Those contacts included attorneys and other personnel at the DoD Office of Detainee Affairs, the Staff Judge Advocate Office at Guantanamo Bay and United States Southern Command (SOUTHCOM), Central Command (CENTCOM), Joint Staff, the Office of the Administrative Review of the Detention of Enemy Combatants (OARDEC), the Offices of the General Counsel for the Army, Navy, and Air Force, as well as the Judge Advocate Generals for the Army, Navy, and Air Force and other attorneys within DoD Office of General Counsel. I requested that the contacts communicate the directive to all appropriate people within their offices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: **8 Feb 08**

_Karen L. Hecker_
KAREN L. HECKER

APPROVED FOR PUBLIC FILING

PROTECTED INFORMATION REDACTED

## DECLARATION OF REAR ADMIRAL MARK H. BUZBY

I, Mark H. Buzby, am a Rear Admiral in the United States Navy with 28 years of active duty service. I currently serve as the Commander of Joint Task Force – Guantanamo (JTF-GTMO), at Guantanamo Bay, Cuba (Guantanamo). I have held this position since May 22, 2007. As such, I am directly responsible for the successful execution of the JTF-GTMO mission to conduct detention and interrogation operations and exploit intelligence in support of the Global War on Terror, coordinate and implement detainee screening operations, and support law enforcement and war crimes investigations. In my capacity as Commander, I oversee all personnel assigned to, and all operations of, JTF-GTMO. The information provided herein is true and correct to the best of my knowledge, information, and belief.

1. On 19 December 2007, the Office of DoD General Counsel reiterated DoD guidance to preserve all information relating to detainees. After receipt of that reiterated guidance, I directed that this command confirm 100% compliance. As a result of actions undertaken in connection with my direction, I have learned the information contained herein with regard to digital recording systems that exist at the detention facilities operated by JTF-GTMO.

2. The detainees at JTF-GTMO are housed in various detention camps. Activities taking place in Camps 4, 6, Echo, and Iguana have been recorded 24 hours per day, seven days per week (hereafter referred to as "full-time") by means of digital video recording (DVR) systems that are part of the video monitoring systems that guards use to ensure good order and discipline within the camps. In January 2008, it was brought to my attention that such DVR systems may have been automatically overwriting video data

contained on recording devices, at predetermined intervals. That is, only a specified number of days' worth of recorded data could be retained on the recording devices at a time. The specified interval varies from system to system, as discussed below. Thus, a DVR device on any given day would retain only data from the specified interval. On each day, therefore, images from dates older than the applicable interval were automatically overwritten. After an initial review determined that old data was being overwritten automatically, on January 16, 2008, I ordered that all recording on such systems be suspended to ensure that no data currently stored thereon was lost. The interval at which recorded data was overwritten was determined by the technological storage capacity of each recording device and was not deliberately or purposely set by JTF-GTMO. JTF-GTMO has not yet identified technology currently available for use at JTF-GTMO that would allow for the preservation of all data recorded on a full-time basis.

3. In the camp known as Camp 4, a DVR system was utilized to record the day-to-day activities of detainees and staff within the camp. The system was part of the video-only monitoring system that was used by the guard staff to oversee activities in the camp for the purpose of ensuring good order and discipline within the camp. On or about May 18, 2006, the DVR system then in use was disabled to assist with the investigation of a disturbance in Camp 4. This particular DVR system was not then again placed into service in the camp. JTF-GTMO has possession of the original DVR system, consisting of four separate recording devices, which was installed in Camp 4. We suspect that the recording devices contain recorded data but we are unable technologically to confirm whether data remains on the recording devices. JTF-GTMO will continue to preserve the

recording devices and any data thereon. Following the events of May 18, 2006, a more limited DVR system was installed in Camp 4 to monitor and record data pertaining to Yankee Block in Camp 4, the only block housing detainees following the disturbance of May 18, 2006. JTF-GTMO is in possession of the DVR system, consisting of one recording device, used for this purpose, but we are unable technologically to confirm whether data remains on the recording device. JTF-GTMO will continue to preserve the recording device and any data thereon.

4. On or about February 1, 2007, JTF-GTMO installed a new DVR system in Camp 4. This system, like the previous system, recorded video images observed by video-only cameras that were displayed on video monitoring screens in a central control booth. Like the original systems, the images that were recorded with this system consisted of video images of each housing bay and common areas of the camp. The DVR system operated on a full-time basis. Much of the information recorded showed routine or mundane day-to-day activities, such as guards patrolling camp areas, as well as detainees eating, praying, or recreating. As with the original systems, the video monitoring was done for security purposes and guard staff monitored the screens upon which the video images were shown. Recorded data was not routinely examined. As noted above, the technical capacities of the DVR system's recording devices were such that at certain intervals there was automatic overwriting of previously recorded data. Camp 4 used four such recording devices. Now that those systems have been suspended per my January 16, 2008 order, the information preserved on the four devices consists of data from the periods December 29, 2007 through January 16, 2008; January 5, 2008 through January 16, 2008; December 29, 2007 through January 16, 2008; and December

30, 2007 through January 16, 2008. As noted above, the system was disabled on January

16, 2008, to preserve data that was stored thereon.

5. In the camp known as Camp 6, a video-only DVR system (such as that used in

Camp 4) was in use from on or about December 7, 2006, the date of the Camp's opening,

until January 16, 2008. The system was part of the video-only monitoring system that

was used by the guard staff to oversee activities in the camp for the purpose of ensuring

good order and discipline within the camp. The Camp 6 DVR system covered common

areas within the camp, but not cells. Camp 6 used four recording devices in its DVR

system that automatically overwrote data in the same way, and under the same conditions

that data was overwritten in Camp 4. Now that those systems have been suspended per

my January 16, 2008 order, the information preserved on the four devices consists of data

from the periods December 1, 2007 through January 16, 2008; December 3, 2008 through

January 16, 2008; December 4, 2007 through January 16, 2008; and December 21, 2007

through January 16, 2008. As noted above, the system was disabled on January 16, 2008,

to preserve data that was stored thereon.

6. In the camp known as Camp Echo, a DVR system (such as was used in Camps

4 and 6) was utilized to record the day-to-day activities of detainees in the cells within the

camp. The system was part of the video-only monitoring system that was used by the

guard staff to oversee activities in the camp for the purpose of ensuring good order and

discipline within the camp. A DVR system that was installed on an unknown date prior

to April 12, 2006, operated until on or about October 1, 2006. That system consisted of

two DVRs. JTF-GTMO is in possession of the DVR system used until October 1, 2006.

JTF-GTMO is unable technologically to confirm whether data is stored on the devices

that were part of that old system. The old system was replaced by a new DVR system similar to the systems used in Camp 4 and Camp 6. The new DVR system monitored and recorded, full-time, the inside of detainees' cells and the back gate, but not common areas. As noted above, this new DVR system was disabled on January 16, 2008, to preserve data that was stored thereon. The information preserved on the new DVR system consists of data from the periods December 20, 2007, through January 16, 2008; and November 24, 2007, through January 16, 2008.

7.    In the camp known as Camp Iguana, a DVR system (such as was used in Camps 4, 6, and Echo) was utilized to record the day-to-day activities of detainees within the camp. The system was part of the video-only monitoring system that was used by the guard staff to oversee activities in the camp for the purpose of ensuring good order and discipline within the camp. This system was replaced on or about October 12, 2007 by a new DVR system. JTF-GTMO is in possession of the old recording device that was replaced, but is unable technologically to confirm whether data is stored thereon. From October 12, 2007, until January 16, 2008, the new DVR system operated in the camp on a full-time basis when detainees were present in the camp. JTF-GTMO has not housed detainees permanently in this camp since the detainees classified as being "No Longer Enemy Combatants" were transferred from Guantanamo in November 2006. Since these detainees were transferred, Camp Iguana has been used primarily to facilitate habeas counsel visits with their detainee clients. As permitted by the Protective Orders applicable in these cases, JTF-GTMO conducted video monitoring of such meetings to ensure the safety and security of counsel and detainees. Video images of such meetings, therefore, would have been automatically recorded in the same manner as other video

images observed by the system. This system also has a standard overwrite function at a specified interval, but any recordings from December 26, 2007 through January 16, 2008, the date it was disabled, have been preserved. Recorded data of counsel-detainee meetings was not examined. As noted above, the system was disabled on January 16, 2008, to preserve data that was stored thereon.

8. Following my order on January 16, 2008 suspending operation of the automatic DVR systems, and at the present time, JTF-GTMO has installed an "on-demand" recording capability in Camps 4, 6, Echo, and Iguana, that is separate from the recording devices that were used prior to January 16, 2008. During this period of suspension, the guard staff has been directed to video record, on an "on-demand" basis, all significant events in Camp 4, 6, Echo, and Iguana, including: forced cell extractions; medical emergencies; incidents of suspected/alleged guard misconduct; incidents of possible self harm or injuries to detainees; significant damage to government property; mass disturbances by detainees; and any other similar events. The on-demand recording now used contains data that continues to be preserved and the guard staff has been directed to preserve any such recordings. Although the on-demand recording system is connected to the video monitoring system in each camp, it is not connected to the DVR system recording devices that contain previously preserved data, and can in no way jeopardize the data that is currently preserved on those devices.

9.



10. This declaration is not intended to provide a complete catalogue of all video and/or audio recordings made of detainees held at JTF-GTMO, although I am informed, and believe, that it is a complete discussion of those JTF-GTMO video and/or audio monitoring systems that included a standard recording feature as to which recorded data was automatically overwritten at specified intervals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 8 FEB 08

MARK H. BUZBY
Rear Admiral, United States Navy
Commander, Joint Task Force –
Guantanamo

7